EDWARD A. NICHOLS *vs.* T. B. BISHOP.

Suffolk. January 8. — 14, 1884. DEVENS & HOLMES, JJ., absent.

A contract, signed by B., stated that he had "purchased of N. one hundred shares of the stock of the D. Company, at" a certain sum, "payable and deliverable buyer's option in sixty days, with interest." *Held*, in an action by N. against B., that B. was bound by the contract to accept and pay for the stock at the expiration of sixty days from its date, unless he had exercised his election to have it delivered at an earlier day.

CONTRACT, to recover the difference between the contract price for 100 shares of stock, alleged to have been sold by the plaintiff to the defendant, and the market price of said shares at the time of the expiration of the contract, which was in writing, and signed by defendant, as follows: " One hundred shares. Boston, Oct. 6, 1881. I have purchased of E. A. Nichols one hundred shares of the stock of the Deer Isle S. M. Co., at one dollar and forty-six cents per share, payable and deliverable buyer's option in (60) sixty days, with interest at the rate of six per cent per annum."

At the trial in the Superior Court, before *Blodgett*, J., the defendant admitted signing the contract, and the plaintiff testified that he and the defendant were stockbrokers in Boston, and members of the Boston Mining and Stock Exchange ; that he actually had a certificate of one hundred shares of said stock at the time of making the agreement, and pinned the agreement to the certificate, keeping both together until the expiration of said sixty days, when he tendered the same certificate to the defendant and demanded payment of the contract price ; that the defendant then refused to accept the certificate or pay for it ; and that, within a few days thereafter, the plaintiff sold the stock for a less price.

No question was made as to the measure of damages, which was agreed to be $111.50, if the plaintiff was entitled to recover.

What consideration was received by the plaintiff for entering into said agreement did not appear, but it was admitted that there was a valid and sufficient consideration.

This was all the evidence offered in the case ; and the defendant asked the judge to rule that said agreement gave to the

defendant a right to have the stock delivered to him at any time within said sixty days, upon his tendering to the plaintiff the contract price therefor, but imposed no obligation upon the defendant to accept said stock at any time; and that the plaintiff was not entitled to recover in this action.

The judge refused so to rule; ruled that, under said agreement, the defendant was entitled to demand the delivery of said stock to him at any time he saw fit within said sixty days, and was bound to accept the stock, upon tender thereof to him at the expiration of said sixty days, and to pay the contract price therefor; and directed a verdict for the plaintiff in the sum of $111.50. The defendant alleged exceptions.

*N. B. Bryant & J. W. Pickering*, for the defendant.

*G. H. Remele*, for the plaintiff.

BY THE COURT. The contract signed by the defendant bound him to accept and pay for the stock at the expiration of sixty days from its date, unless he had exercised his election to have it. delivered at an earlier day; it admits of no other construction.

*Exceptions overruled.*